|   |   |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| TIYACTE HARRIS, | Case No. 2:16-cv-02891-APG-CWH |
| Petitioner, | **ORDER** |
| v. | |
| NATALIE WOOD, et al., | |
| Respondents. | |

Tiyacte Harris filed a petition for a writ of habeas corpus. ECF No. 5. The respondents move to dismiss it. ECF No. 10. I deny the motion. Given the procedural complexities that Harris will need to negotiate to obtain relief, I will appoint counsel provisionally, conditioned upon Harris establishing his financial eligibility for representation by counsel.

On September 6, 2013, Harris was charged with (1) battery with intent to commit a crime, (2) battery with use of a deadly weapon, (3) assault with a deadly weapon, (4) assault with a deadly weapon, and (5) attempted robbery. Ex. 3 (ECF No. 11-3). The parties negotiated the case quickly. On October 14, 2013, Harris agreed to plead guilty to one count of assault with a deadly weapon. Ex. 10 (ECF No. 11-10). The state district court suspended the sentence, placed Harris on probation, and entered a judgment of conviction on December 17, 2013. Ex. 14 (ECF No. 11-14). Harris did not appeal.

On December 16, 2014, Harris filed his first state post-conviction habeas corpus petition. Ex. 16 (ECF No. 11-16). On February 26, 2015, the state district court held a hearing on the petition. The following exchange occurred:

> THE COURT: A couple things, to begin with, under Nevada statutes, writs of habeas corpus are filed by people that are incarcerated. You're confined. You're detained. You're committed somewhere. You're restrained in some fashion. And a habeas corpus relief kind of addresses the reasons for that confinement. Not, you're out of custody and kind of want somebody to go back and look at the deal that you entered into and whether your attorney did what they should have or not.
>
> So I can't really grant this. It's not even in the form that's required by statute if you wanted to pursue habeas corpus relief. It looks to me like what you're really kind

| | |
|---|---|
| 1 | of getting at is you want to withdraw the plea that was entered.  So there is, you know, you can try and file a motion in that regard if you want.  But it's just a motion to withdraw plea. It's not a <u>habeas corpus</u> petition, okay? |
| 2 | |
| 3 | THE DEFENDANT:  So it's basically it was in the wrong format? |
| 4 | THE COURT:  Yeah. I mean, there's certain standards under the law as to when you could withdraw a plea post conviction. |
| 5 | |
| 6 | THE DEFENDANT:  Right. |
| 7 | THE COURT:  So you would need to include that kind of information in there.  But I think factually I understand what you're trying to get at. |
| 8 | THE DEFENDANT:  Right. |
| 9 | THE COURT:  So you're really just--and I know it seems kind of silly, but I gotta do it this way, asking you to do a different kind of motion. |
| 10 | |
| 11 | THE DEFENDANT:  Okay. |
| 12 | THE COURT:  Title it differently and everything. |
| 13 | THE DEFENDANT:  Okay. |
| 14 | THE COURT:  And just kind of include reference to the law that applies to a post-conviction motion to withdraw plea. |
| 15 | THE DEFENDANT:  Okay. |
| 16 | THECOURT:  Okay? And then we'll get it back on calendar and we'll get you in back in here. |
| 17 | |
| 18 | THE DEFENDANT:  Okay. I appreciate it, Mr. Herndon. |
| 19 | THE COURT:  For the record, he's out of custody and he's on probation right now. |

Ex. 21, at 2-3 (ECF No. 11-21, at 3-4).  The state district court has not entered a written order disposing of the petition, and Harris has not appealed.

Harris filed a motion for post-conviction relief from conviction or sentence on May 21, 2015.  Ex. 24 (ECF No. 11-24).  The state district court orally denied the motion on July 14, 2015.  Ex. 2 (ECF No. 11-2, at 6).[1]  Harris did not appeal.

Harris filed his second state post-conviction habeas corpus petition on December 14, 2016.  Ex. 32 (ECF No. 12).  The state district court dismissed the petition as untimely under Nev. Rev. Stat. § 34.726(1).  Ex. 45 (ECF No. 13).  Harris appealed.  The Nevada Court of

---

[1] The court is referring to state district court minutes because no transcripts of this hearing are in this court's docket.

2

Appeals affirmed on March 14, 2018. Ex. 60 (ECF No. 12-28). Remittitur issued on April 9, 2018. Ex. 62 (ECF No. 12-30).

This court received Harris's federal habeas corpus petition pursuant to 28 U.S.C. § 2254 (ECF No. 5) on December 14, 2016, the same date that he filed his second state post-conviction habeas corpus petition. The petition contains five grounds.

The respondents present two arguments. First, they argue that Harris has not exhausted grounds 2, 3, and 4. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The respondents note that Harris never appealed the denial of his first post-conviction habeas corpus petition, and thus Harris could not use that proceeding as a basis for exhaustion. The respondents then note that Harris did not present a theory based upon federal law for the equivalent grounds in the second state habeas corpus petition.

Second, the respondents argue that Harris has procedurally defaulted all his grounds for relief. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The grounds for dismissal upon which the Nevada Court of Appeals relied in the second state post-conviction habeas corpus proceedings is an adequate and independent state rule. *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996).

Regarding exhaustion, the court cannot rely upon Harris's lack of appeal from the dismissal of his first state post-conviction habeas corpus appeal. First, based upon reading the state district court's reasons for dismissing the first petition and this court's interpretation of Nevada law, the dismissal of that first petition might benefit from further reflection. To summarize, the state district court told Harris that habeas corpus was unavailable to him because he was on probation and not imprisoned. The state district court also told Harris that the correct method was a motion to withdraw a guilty plea. However, the Supreme Court of Nevada had

3

recently stated that a person on probation is under a suspended sentence of imprisonment and thus may file a post-conviction habeas corpus petition. *Coleman v. State*, 321 P.3d 863, 866 (Nev. 2014) (contrasting with a person under a special sentence of lifetime supervision, which is not a sentence of imprisonment). Additionally, the Supreme Court of Nevada had recently held that, after the trial court has imposed sentence, a post-conviction habeas corpus petition is the exclusive remedy for a person challenging the validity of a guilty plea. *Harris v. State*, 329 P.3d 619, 628 (Nev. 2014). The Supreme Court of Nevada overruled prior precedent that allowed people to file motions to withdraw guilty pleas after sentences were imposed. *Id.* In light of these decisions, the state district court might be willing to reconsider a decision that it has not committed to a written order.

Second, even if the state district court is not willing to reconsider the decision, the lack of a written order still is significant. When the Nevada Court of Appeals affirmed the denial of the second state post-conviction habeas corpus petition, it noted:

> Although the district court orally denied the petition, it has never filed a written order finally disposing of it. Accordingly, Harris may still timely appeal that decision. See NRS 34.575(1) ("[T]he appeal must be made within 30 days after service by the court of written notice of entry of the order."). We note that, while the district court commented the petition was not in the form prescribed by NRS 34.735, the district court did not indicate this was an impediment to deciding the petition on the merits.

Ex. 60, at 2 n.2 (ECF No. 12-18, at 3). *Accord*, *Klein v. Warden*, 43 P.3d 1029, 1032 (Nev. 2002). If the Nevada Court of Appeals is correct, then Harris still can appeal the denial of the first state post-conviction habeas corpus petition.

Either way, it would be premature for this court to determine that grounds 2, 3, and 4 are not exhausted. These grounds might be exhausted and ready for a decision on the merits if the first state post-conviction petition is reopened and if the state courts reach the merits of those grounds. Even if the grounds 2, 3, and 4 would not be exhausted by the grounds in the first state petition, Harris still might be able to amend that petition to raise the grounds that he presents in this court.

The question of procedural default thus is premature, too. The Nevada Court of Appeals held that the second state post-conviction habeas corpus petition was untimely, but that court also

4

told Harris how he might receive a ruling on the merits of his claims through an appeal of the first state post-conviction habeas corpus petition. If Harris ultimately receives a ruling on the merits of his claims in the first petition, then the grounds in the federal petition likely would not be procedurally defaulted. It would be no different from a petitioner who receives a ruling on the merits of his claims in a first petition and then is procedurally barred from presenting the same claims in a second petition, which would not lead to a procedural default.

For these reasons, I will deny the motion to dismiss.

Given the procedural complexity of what I have described above, it is in the interests of justice to appoint counsel to represent Harris. However, nothing in the docket establishes that Harris is financially eligible for representation by counsel, and Harris currently is not incarcerated. *See* 18 U.S.C. § 3006A. I will provisionally appoint counsel, conditioned upon Harris establishing that he is financially eligible.

In the same document as his opposition to the motion to dismiss (ECF No. 13), Harris moved for sanctions against the respondents (ECF No. 14) and for an evidentiary hearing (ECF No. 15). Harris presents no reasons why the court should impose sanctions, and I find none. The motion to dismiss was a response to the petition contemplated by the scheduling order (ECF No. 7). I deny the request for an evidentiary hearing because I am denying the motion to dismiss and appointing counsel provisionally.

IT THEREFORE IS ORDERED that the motion to dismiss **(ECF No. 10) is DENIED**.

IT FURTHER IS ORDERED that the motion for sanctions **(ECF No. 14) is DENIED**.

IT FURTHER IS ORDERED that the motion for an evidentiary hearing **(ECF No. 15) is DENIED**.

IT FURTHER IS ORDERED that Harris file an application for leave to proceed in forma pauperis. The clerk of the court shall send Harris an IFP Application to Proceed Without Prepayment of Fees (Non-Inmate Packet).[2] If Harris does not file the application within 30 days

---

[2] https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/Application-to-Proceed-in-Forma-Pauperis-Non-Inmate.pdf (link generated June 20, 2019).

from the date of entry of this order, then the court will vacate the provisional appointment of counsel.

IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally a counsel. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of Harris or to indicate to the court the office's inability to represent Harris. If the Federal Public Defender is unable to represent Harris, then the court will appoint alternate counsel, subject again to establishment of financial eligibility. The court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The court anticipates setting the deadline for 90 days from entry of the formal order of appointment. The court does not signify any implied finding of tolling during any time period established or any extension granted. Harris always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for the respondents.

IT FURTHER IS ORDERED that the clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT FURTHER IS ORDERED that the respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the court.

////
////
////
////
////

1     IT FURTHER IS ORDERED that the clerk shall provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED: June 26, 2019.

                                                                                   ANDREW P. GORDON
                                                                                    United States District Judge