# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIYACTE HARRIS, | Case No.: 2:16-cv-02891-APG-CWH |
| Plaintiff | **Order** |
| v. | |
| NATALIE WOOD, et al., | |
| Defendant | |

Petitioner Tiyacte Harris has filed an application to proceed *in forma pauperis* (ECF No. 20), and counsel for Harris has filed a notice of appearance (ECF No. 21). Harris is unable to afford counsel so I will formally appoint the Federal Public Defender.

IT IS ORDERED that the application to proceed *in forma pauperis* **(ECF No. 20) is GRANTED**.

IT IS FURTHER ORDERED that the Federal Public Defender is appointed as counsel for Harris under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Harris in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that Harris shall have 90 days from entry of this order within which to file an amended petition or seek other appropriate relief. Neither that deadline nor any extension of it signifies any implied finding as to the expiration of the federal limitation period or of a basis for tolling during the time period established. Harris at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted. That is, by setting a deadline to amend the petition or by granting any extension, I make no finding or representation that the petition, any amendments, or any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that the respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that Harris may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by the respondents to the amended petition shall be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss, not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the court.

DATED this 29th day of July, 2019.

_____
ANDREW P. GORDON
United States District Judge