UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tiyacte Harris, | Case No.: 2:16-cv-02891-APG-DJA |
|     Petitioner, | **Order Granting Motion to Stay** |
| v. | [ECF No. 41] |
| Natalie Wood, et al., | |
|     Respondents. | |

    This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court is petitioner's motion to stay. ECF No. 41. Respondents do not oppose the motion. ECF No. 42. I find good cause exists to grant the motion.

    In my order of June 27, 2019, I described the unusual history of petitioner's state-court post-conviction proceedings. ECF No. 19. To summarize, the state district court denied Harris' first post-conviction habeas corpus petition for reasons that might benefit from further reflection under state law. *Id.* at 3-4. More importantly for the federal questions of exhaustion and procedural default, in the appeal from the denial of Harris' *second* state post-conviction petition, the Nevada Court of Appeals noted that the time to appeal the denial of the *first* post-conviction petition still was open under state law. It appeared that Harris still had the opportunity for a state appellate court to rule on the merits of his claims. *Id.* at 4-5. Consequently, I denied respondents' motion to dismiss for failure to exhaust and for procedural default. *Id.* at 5. I also appointed counsel to represent Harris because of the procedural complexity of the case. *Id.*

    Harris has filed a counseled third amended petition. ECF No. 39. He also has filed a motion to stay. ECF No. 41. Harris states that he will resume litigation in his first state post-conviction habeas corpus proceedings. He asks to stay this action until the conclusion of those

proceedings. Respondents do not oppose the request. ECF No. 42. I find that good cause exists to stay the action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

IT THEREFORE IS ORDERED that petitioner's motion to stay (ECF No. 41) is **GRANTED**.

IT FURTHER IS ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner must return to this court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court administratively close this action until such time as the court grants a motion to reopen the action.

Dated: July 28, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE