# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Tiyacte Harris, | Case No. 2:16-cv-02891-APG-DJA |
| Petitioner, | **ORDER** |
| v. | [ECF No. 50] |
| Natalie Wood, et al., | |
| Respondents. | |

The Respondents move to dismiss Tiyacte Harris's fourth amended federal habeas petition as unexhausted. ECF No. 50.  For the reasons stated below, I grant the motion in part.

## I.   EXHAUSTION LEGAL STANDARD

A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal court. 28 U.S.C. § 2254(b)(1)(A).  This ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  A properly exhausted claim "'must include reference to a specific federal

constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

## II.    DISCUSSION

The Respondents argue that grounds 1 and 2 are unexhausted. ECF No. 50 at 5.  In ground 1, Harris alleges that he did not enter a knowing and voluntary guilty plea, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. ECF No. 49 at 6.  And in ground 2, Harris alleges that he received ineffective assistance from counsel in connection with his decision to plead guilty, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id.*  Harris admits that these grounds were not presented to the state courts, but he argues that the exhaustion requirement should be excused because the state post-conviction proceedings were defective. ECF No. 51 at 2.  Alternatively, Harris argues that ground 2 is technically exhausted, and he can overcome the procedural default. ECF No. 51 at 3–4.

### A.    Exhaustion is not excused

"[A] habeas petitioner may be excused from exhausting a given claim where (1) 'there is an absence of available State corrective process,' or (2) 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)–(ii)).  Under § 2254(b)(1)(B)(ii), "a petitioner may seek redress in federal court 'if the [state] corrective process is so clearly deficient as to *render futile* any effort to obtain relief.'" *Id.* (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)) (emphasis in original); *see also Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982) ("[T]he

exhaustion doctrine does not bar relief where the state remedies are inadequate or fail to 'afford a full and fair adjudication of the federal contentions raised'") (quoting *Ex parte Hawk*, 321 U.S. 114, 118 (1944)).

### 1.    Background information

On September 6, 2013, Harris was charged with (1) battery with intent to commit a crime, (2) battery with use of a deadly weapon, (3) assault with a deadly weapon, (4) assault with a deadly weapon, and (5) attempted robbery. ECF No. 11-3.  Harris agreed to plead guilty to one count of assault with a deadly weapon. ECF No. 11-10.  The state district court suspended Harris's sentence, placed him on probation, and entered a judgment of conviction on December 17, 2013. ECF No. 11-14.  Harris did not appeal.

Harris filed a state post-conviction petition on December 16, 2014. ECF No. 11-16 ("2014 Petition").  The state district court held a hearing on that petition on February 26, 2015. ECF No. 11-21.  The judge told Harris that petition could not be granted because Harris was out of custody and on probation:

> A couple things, to begin with, under Nevada statutes, writs of habeas corpus are filed by people that are incarcerated. You're confined. You're detained. You're committed somewhere. You're restrained in some fashion. And a habeas corpus relief kind of addresses the reasons for that confinement. Not, you're out of custody and kind of want somebody to go back and look at the deal that you entered into and whether your attorney did what they should have or not.
>
> So I can't really grant this. It's not even in the form that's required by statute if you wanted to pursue habeas corpus relief. It looks to me like what you're really kind of getting at is you want to withdraw the plea that was entered. So there is, you know, you can try and file a motion in that regard if you want. But it's just a motion to withdraw plea. It's not a habeas corpus petition, okay?

1  *Id.* at 3.  The judge did not enter a written order denying Harris's first state post-conviction

2  petition.

3         As instructed, Harris filed a motion for post-conviction relief on May 21, 2015. ECF No.

4  11-24.  The state district court held a hearing on July 14, 2015, and orally denied Harris's

5  motion, "noting there [was] no manifest injustice to withdraw plea." ECF No. 11-2 at 18.

6         Harris eventually pursued a second round of state post-conviction proceedings, and the

7  Nevada Court of Appeals noted that Harris's 2014 Petition was still pending because the state

8  district court "never filed a written order finally disposing of it." ECF No. 12-28 at 3 n.2.

9  Regarding his 2014 Petition, Harris filed a pro se motion for appointment of counsel and for

10  leave to file a supplemental petition on August 6, 2020. ECF No. 47-3.  The state district court

11  denied the motion and request for leave to file a supplemental petition on September 23, 2020.

12  ECF No. 47-6.  On February 22, 2021, the state district court issued a formal written order

13  denying the 2014 Petition on the merits. ECF No. 47-10.  Harris appealed, and the Nevada Court

14  of Appeals affirmed on September 24, 2021. ECF No. 47-12.

15         **2.     Analysis**

16         Considering the totality of the post-conviction proceedings and state habeas appeal, I

17  cannot conclude that exhaustion is excused.  To be sure, there were patent deficiencies in the

18  state post-conviction proceedings—namely (1) the state district court's erroneous oral comments

19  at the February 26, 2015, hearing[1] and (2) the state district court's lengthy delay in issuing a

20

21         [1]The state district court's comments that it could not grant Harris's state post-conviction
petition because he was on probation appears to be inconsistent with Nevada law. *See Harris v.*
22  *State*, 329 P.3d 619, 628 (Nev. 2014) (holding that, after the trial court has imposed sentence, a
post-conviction habeas corpus petition is the exclusive remedy for a person challenging the
23  validity of a guilty plea).

written order denying the 2014 Petition.  However, these deficiencies in the state post-conviction proceedings did not affect the grounds at issue here, which were raised for the first time in Harris's federal habeas proceedings.  Indeed, because Harris has not demonstrated that grounds 1 and 2 would have been included in his 2014 Petition but for the state district court's erroneous 2015 comments and failure to issue a written order resulting in the delay, Harris's 28 U.S.C. § 2254(b)(1)(B)(ii) argument is a non-starter.  Because those deficiencies did not render the state post-conviction process ineffective or inadequate as to grounds 1 and 2, exceptional circumstances do not exist to excuse the exhaustion requirement. *See Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing that the exhaustion requirement may be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist" (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987))); *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (recognizing that a federal habeas court "should not entertain [a] petitioner's [unexhausted] federal habeas petition" unless "the existence of extremely unusual circumstances warrant an exception").

Ground 1 is also procedurally defaulted.  If Harris were to return to state court, Nevada's procedural rules would now bar him from bringing this claim.  And though the burden falls on Harris to prove good cause for the default and actual prejudice, he does not argue that he can show cause and prejudice or actual innocence sufficient to overcome the procedural bars. Ground 1 is therefore subject to dismissal as both unexhausted and procedurally defaulted.

**B.     Ground 2 is technically exhausted but procedurally defaulted**

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Harris would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev.

Stat. §§ 34.726 & 34.810.  Nevada has "cause-and-prejudice" and "fundamental-miscarriage-of-justice" exceptions to its procedural bars, which are substantially the same as the federal standards.  If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then the petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376.  For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court.  In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the state court does not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law.  In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9.  The Supreme Court of Nevada does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014).  Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Harris advances only *Martinez* as a basis for excusing the anticipatory default of ground 2. *See* ECF No. 51 at 4.  Accordingly, I grant Harris's request to consider ground 2 technically exhausted.  Because the cause-and-prejudice questions of ground 2 are necessarily connected to the merits of ground 2, I defer a determination on the cause-and-prejudice questions of ground 2 until the time of merits determination.  Accordingly, the motion to dismiss ground 2 as exhausted, or alternatively procedurally defaulted, is denied without prejudice.  The Respondents may renew the procedural default argument in their answer.

## III.   CONCLUSION

I THEREFORE ORDER that the Respondents' motion to dismiss **(ECF No. 50) is GRANTED, in part,** as follows: (1) ground 1 is dismissed as unexhausted and procedurally defaulted, and (2) ground 2 is technically exhausted, but procedurally defaulted.

I FURTHER ORDER that consideration of whether Harris can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome the procedural default of ground 2 is deferred until after the filing of an answer and reply in this action.

I FURTHER ORDER that the Respondents shall have 60 days from the date of this order in which to file an answer to Harris's remaining ground for relief.  The answer shall contain all substantive and procedural arguments and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  Harris will then have 45 days from service of the answer within which to file a reply.

Dated: July 12, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE